IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SULIEMAN BEYAH** | : | **CIVIL ACTION** |
| v. | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | **NO. 07-cv-1161** |

**MEMORANDUM AND ORDER**

Ludwig, J.                                                                                          April 18 , 2007

The Antiterrorism and Effective Death Penalty Act of 1996, known as "AEDPA," and codified at 28 U.S.C. §§2241-2266, concerns the rights of individuals in state or federal custody to file a petition for the issuance of a federal writ of habeas corpus. The petitioner seeks to be released on the ground that the petitioner's rights guaranteed by the United States Constitution, or a federal law, or a treaty entered into by the United States, were violated. Habeas corpus petitions under AEDPA are the sole sources of this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Congress deliberately created a series of restrictive gate-keeping conditions in AEDPA that must be satisfied before a petitioner may prevail on a writ of habeas corpus. One is the Act's strict statute of limitations. Another is the "second or successive rule" that generally prohibits the filing of a habeas petition if a prior one was dismissed with prejudice. For purposes of the second or successive rule, the concept of "dismissal with prejudice" includes dismissal after merits consideration; dismissal for procedural default;[1]

---

[1] Procedural default occurs when a §2254 petitioner with the right to appeal a state court conviction or sentence, or the right to file an application for post-conviction relief from the conviction or sentence does not do so, and the state court's procedural rules prohibit any further filings as time-barred.

1

or dismissal as time-barred under AEDPA's statute of limitations.  <u>Villot v. Varner</u>, 373 F.3d 327 (3d Cir. 2004); <u>Holloway v. Horn</u>, 355 F.3d 707 (3d Cir. 2004); <u>Jones v. Morton</u>, 195 F.3d 153 (3d Cir. 1999).

Under AEDPA a petitioner must obtain permission from the court of appeals before filing a second or successive petition in the district court.  28 U.S.C. §2244(b)(3)(A).  Without this permission, the district court lacks subject matter jurisdiction.  <u>Villot</u>, <u>supra</u>; <u>Holloway</u>, <u>supra</u>; <u>Jones</u>, <u>supra</u>. The strict requirements of the second or successive rule were enacted to implement the Congressional policy of finality with respect to state and federal criminal prosecutions involving constitutional issues.  <u>Woodford v. Garceau</u>, 538 U.S. 202 (2003); <u>Duncan v. Walker</u>, 533 U.S. 167 (2001); <u>Crews v. Horn</u>, 360 F.3d 146 (3rd Cir. 2004).

Here, petitioner had filed a 28 U.S.C. § 2254 petition in this court, at No. 96-8308, which attacked the same conviction and sentence as that presented in this action, No. 07-1161.  On April 1, 1997, that petition was considered on the merits and dismissed with prejudice, and accordingly, the second or successive rule is triggered.

To the extent that the petition alleges the petitioner to be actually innocent based upon allegedly newly discovered evidence, AEDPA provides for relief from the second or successive rule.  This exception has been summarized as follows: where newly discovered evidence "could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. §2244 (b)(2)(B).  <u>Accord</u>: <u>Calderon v. Thompson</u>, 523 U.S. 538, 558

(1998). If this standard is met, the statute of limitations begins to run only on the date on which the facts asserted could have first been discovered by due diligence. 28 U.S.C. §2244(d)(1)(D).

However, in light of the dismissal of petitioner's earlier petition relating to the same conviction and sentence, this court has no jurisdiction over petitioner's contentions based upon newly discovered evidence. 28 U.S.C. §2244(b)(3)(A).

Accordingly, this 18th day of April, 2007, it is hereby ordered as follows:

1. This action is dismissed without prejudice for lack of subject matter jurisdiction.

2. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter closed for all purposes.

          /s/ Edmund V. Ludwig
          EDMUND V. LUDWIG, U.S. District Judge